Elizabeth Morris
Direct Dial: (212) 906-2976
elizabeth.morris@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**LATHAM & WATKINS LLP**

April 13, 2023

**VIA ECF AND ELECTRONIC MAIL**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *StandardAero Aviation Holdings, Inc. v. Signature Aviation Ltd.*, No. 1:22-cv-7515-AT

Dear Judge Torres:

On behalf of Plaintiff StandardAero Aviation Holdings, Inc. ("StandardAero"), we write pursuant to Rule III.A.i. of Your Honor's Individual Practices in Civil Cases to request leave to file a sur-reply to Defendant Signature Aviation Ltd.'s ("Signature") Reply Memorandum of Law (ECF No. 40) ("Reply") filed on April 6, 2023, in support of its Motion to Dismiss the Complaint (ECF No. 29) ("Motion to Dismiss"). Signature's Reply contains a new argument that did not appear in its Motion to Dismiss—namely, that the reason the parties included Exhibit 6.01(c)(xix) in the Purchase Agreement can somehow be fully explained by the fact that the exhibit "is referenced elsewhere in the Agreement," in a provision that "has nothing to do with Section 6.01(c)(xix) or Schedule 6.01(c)(xix)." Reply at 5-6.

There is not even a hint of this argument in Signature's Motion to Dismiss. Instead, Signature chose to make one argument concerning StandardAero's breach of contract claim: that the appearance of the word "none" on Schedule 6.01(c)(xix) unambiguously means that Signature was not obligated to make any capital expenditures under Section 6.01(c)(xix) of the Purchase Agreement. In making that argument, Signature chose not to bother explaining the appearance of Exhibit 6.01(c)(xix) on the Schedule at all. But Signature now—and only in Reply—puts forward a novel theory purporting to "harmonize[]" the Purchase Agreement's terms in light of Exhibit 6.01(c)(xix). Specifically, Signature asserts that because Exhibit 6.01(c)(xix) is cross-referenced in Schedule 6.01(c)(vii), the exhibit suddenly has meaning separate and apart from Section 6.01(c)(xix).

Signature's new argument is nonsensical given that Exhibit 6.01(c)(xix) bears the same enumeration of Schedule 6.01(c)(xix), and not that of Schedule 6.01(c)(vii). But by springing this argument upon this Court and StandardAero, Signature has deprived StandardAero of any opportunity to respond and has prevented this Court from receiving the benefit of adversarial presentation on the issue. This Court has discretion to grant leave to file a sur-reply, and routinely exercises that discretion to grant such leave when a party raises an argument for the first time in a

LATHAM&WATKINS<sup>LLP</sup>

reply brief. *See, e.g.*, *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 20 Civ. 10832 (AT), 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022) (Torres, J.). Because Signature's Reply advances a brand-new argument, StandardAero respectfully requests that the Court exercise that discretion to grant leave here. For the Court's convenience, we have attached a proposed sur-reply to this letter.

Thank you for consideration of this request.

Respectfully submitted,

/s/ Elizabeth A. Morris

Elizabeth A. Morris
of LATHAM & WATKINS LLP

Enclosure

cc: All Counsel of Record (via ECF (with enclosure))