UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STANDARDAERO AVIATION HOLDINGS, INC.,

                              Plaintiff,

     v.

SIGNATURE AVIATION LIMITED
f/k/a SIGNATURE AVIATION PLC,

                              Defendant.

Case No. 1:22-cv-7515-AT

---

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

**INTRODUCTION**

On March 3, 2023, Defendant Signature Aviation Limited ("Signature") moved to dismiss Plaintiff StandardAero Aviation Holdings, Inc.'s ("StandardAero") complaint, including the breach of contract claim in count one. The *only* argument Signature raised concerning that count-one claim was that the appearance of a single word, "none," in Schedule 6.01(c)(xix) unambiguously indicates that Signature was never obligated to make any capital expenditures under Section 6.01(c)(xix). *See* Mot. to Dismiss at 9-11. In making this argument, Signature effectively ignored Exhibit 6.01(c)(xix). *See id.* StandardAero responded explaining that the inclusion of a detailed five-page exhibit is not unwritten because of a scrivener's "none." And only now, after seeing StandardAero's reasonable explanation, does Signature present a new theory: Because Exhibit 6.01(c)(xix) is cross-referenced in Schedule 6.01(c)*(vii)*, it "has nothing to do with Section 6.01(c)(xix) or Schedule 6.01(c)(xix)," all of which apparently (and conveniently) renders Signature's interpretation of the Purchase Agreement the only one that "gives meaning and purpose to all of its provisions." Reply at 5-6. But Signature waived this

argument by failing to raise it for the first time in its opening papers, and it should not be rewarded for its ham-handed attempt to prevent StandardAero from having a meaningful opportunity to respond.

And even if Signature had not waived this argument, it fails on the merits. If the only purpose of Exhibit 6.01(c)(xix) was to be cross-referenced in Schedule 6.01(c)(vii), it would have been titled Exhibit 6.01(c)*(vii)*—a convention the parties adopted elsewhere in the Purchase Agreement. And there is nothing in the plain language of Section or Schedule 6.01(c)(vii) that limits the purpose of Exhibit 6.01(c)(xix) to that section or schedule, as Signature implies. Simply put, far from "harmoniz[ing]" the Purchase Agreement's terms, *see* Reply at 3, Signature's new theory only further twists those terms into discord.

## ARGUMENT

### A.  Signature Waived Its "Harmonizing" Argument by Failing to Raise it in Its Opening Brief

"[I]t is hornbook law that arguments may not be made for the first time in a reply brief." *Browe v. CTC Corp.*, 15 F.4th 175, 191 (2d Cir. 2021) (citation omitted) (deeming objection raised for first time in reply forfeited); *see also RL 900 Park LLC v. Ender*, No. 18 CIV. 12121 (AT), 2020 WL 70920, at *4 (S.D.N.Y. Jan. 3, 2020) (Torres, J.) ("Arguments raised for the first time in reply briefs are waived") (quotations omitted); *In re Dobbs*, 227 F. App'x 63, 64 (2d Cir. 2007) (affirming district court's decision to decline to consider argument raised for the first time in reply brief); *Baliga v. Link Motion Inc.*, 385 F. Supp. 3d 212, 223-24 (S.D.N.Y. 2019) (declining to consider "new arguments" raised on reply that "are a substantial departure" from those raised in the motion to dismiss). There are good reasons that such arguments are waived, including "fairness to opposing parties, judicial economy, and ensuring that the Court is able to make decisions fully informed by adversarial presentation." *RL 900 Park LLC*, 2020 WL 70920, at *4.

Signature's late-breaking attempt to "harmonize" Exhibit 6.01(c)(xix) with the Purchase Agreement is entirely distinct from its opening papers' arguments concerning StandardAero's breach of contract claim. There, Signature relied entirely on the word "none" in Schedule 6.01(c)(xix) to assert that it had *no* obligation to make capital expenditures under Section 6.01(c)(xix). *See* Mot. to Dismiss 9-11. In doing so, Signature sidestepped Exhibit 6.01(c)(xix) simply because if was "found on a different page" from the word "none." *Id.* at 10. Now, however, and only in Reply, Signature has awoken to the need to account for Exhibit 6.01(c)(xix)—over the span of two pages in its Reply, Signature introduces a new theory that Exhibit 6.01(c)(xix) "has meaning and purpose separate and apart from Section 6.01(c)(xix)." Signature concocts that "meaning and purpose" from a cross-reference to Exhibit 6.01(c)(xix) in Schedule 6.01(c)(vii), which on Signature's reading makes that exhibit *only* "a list of expenditures that Signature *could* make during the Pre-Closing Period," Reply, at 5-7 (emphasis in original), as opposed to expenditures Signature was required to spend "in accordance with" as required under Section 6.01(c)(xii).

Signature's about-face neatly demonstrates the reasons why new arguments in reply are deemed waived. By failing to mention this theory in its opening papers, Signature effectively deprived StandardAero of any opportunity to respond and thereby deprived this Court of adversarial presentation on the issue. What's more, Signature does not make any attempt to explain why this argument could not be made in its opening papers. That failure makes even less sense in light of the parties' exchange of pre-motion letters. Accordingly, Signature's argument is thus waived and should not be considered by the Court.

      **B.**    **Signature's New "Harmonizing" Argument Lacks Merit**

This case revolves around a single clause in the Purchase Agreement the parties entered into on February 16, 2021, pursuant to which Signature promised to make capital expenditures

during the Pre-Closing Period "in accordance with the capital expenditures budget set forth on Schedule 6.01(c)(xix)." *See* Compl. ¶ 17.  As one would expect, a lengthy and detailed capital expenditures budget appears on Schedule 6.01(c)(xix), as Exhibit 6.01(c)(xix).  The convention to attach a chart or table to the Schedules as an "Exhibit" was consistently used throughout the Schedules.  *See, e.g.*, StandardAero's Response, ECF No. 34-1, Ex. 1 at 4-5.  But Signature has maintained throughout this litigation that, despite the inclusion of a detailed capital expenditures budget as Exhibit 6.01(c)(xix), it was not required to make any capital expenditures.

In its pre-motion letter (ECF No. 18) and Motion to Dismiss, Signature relied on the inclusion of the word "none" preceding Exhibit 6.01(c)(xix) to mean it was not required to make the expenditures detailed in that exhibit.  But in its Reply Signature adopts a brand-new theory: The capital expenditures budget set forth in Exhibit 6.01(c)(xix) is only intended for reference in Schedule 6.01(c)(vii).  Section 6.01(c)(vii) states that during the Pre-Closing Period, Signature must refrain from making certain purchases "other than as set forth in Schedule 6.01(c)(vii)."  That Schedule, in turn, incorporates Exhibit 6.01(c)(xix) "by reference."  Thus, Signature argues, Exhibit 6.01(c)(xix) "has meaning and purpose separate and apart from Section 6.01(c)(xix)," as it "contains a list of expenditures that Signature *could* make during the Pre-Closing Period." Reply at 5-7 (emphasis in original).

This (waived) argument defies logic.  If the entire purpose of that exhibit was for Schedule 6.01(c)(vii), as Signature's argument implies, it surely would have been named Exhibit 6.01(c)**(vii)** and not Exhibit 6.01(c)**(xix)**.  In fact, this is the naming convention the parties adopted in other Schedules to the Purchase Agreement including, for example, in Schedule 4.18.  *See* StandardAero's Response, ECF No. 34-1, Ex. 1 at 4-5.  So to say that the entire purpose of Exhibit 6.01(c)(xix) is limited to animating an entirely different contract provision that bears an entirely

4

different name is, in essence, to read Exhibit 6.01(c)(xix) as it is named out of the agreement. Stated differently, Signature's novel theory "'strain[s] the contract language beyond its reasonable and ordinary meaning.'" *Law Debenture Tr. Co. v. Maverick Tube Corp.*, 595 F.3d 458, 467 (2d Cir. 2010) (quoting *Bethlehem Steel Co. v. Turner Construction Co.*, 141 N.E.2d 590, 161 N.Y.S.2d 90, 93 (1957)). And Signature does not—and cannot—point to any provision in the Purchase Agreement limiting the purpose of Exhibit 6.01(c)(xix) to the one in Schedule 6.01(c)(vii). Moreover, and for a reason Signature conveniently ignores, it makes perfect sense that Exhibit 6.01(c)(xix) is cross-referenced in Schedule 6.01(c)(vii). That schedule lists the parties' agreed-upon exemptions to the Purchase Agreement's general bar on Signature making purchases. And, because Exhibit 6.01(c)(xix) lists purchases Signature *had* to make, that exhibit would *need* to be referenced in Schedule (c)(vii) as expenditures exempted.

As StandardAero has repeatedly argued, its interpretation of the contract is the only reasonable one. That Signature needs to advance a theory according to which the appearance an exhibit corresponding to one clause of a contract can be explained only by reference to an entirely difference clause of the contract demonstrates how much violence Signature's theory does to the plain meaning of the contract and the intent of parties captured therein. The Court should not consider Signature's waived argument, but even if it does, it should have no trouble rejecting it.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in StandardAero's opposition, Signature's Motion to Dismiss should be denied.

Dated: April 13, 2023
      New York, New York

**LATHAM & WATKINS LLP**

<u>/s/ Elizabeth A. Morris</u>
Elizabeth A. Morris
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: elizabeth.morris@lw.com

Allen M. Gardner (admitted *pro hac vice*)
Henry Zaytoun III (admitted *pro hac vice*)
Uriel Hinberg (admitted *pro hac vice*)
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Tel: (202) 637-2200
Fax: (202) 673-2201
Email: allen.gardner@lw.com
Email: henry.zaytoun@lw.com
Email: uriel.hinberg@lw.com

*Attorneys for Plaintiff*