```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/26/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

STANDARDAERO AVIATION HOLDINGS, INC.,

                          **Plaintiff,**                      22-CV-07515 (MMG)(SN)

    -against-                                          **ORDER**

SIGNATURE AVIATION LIMITED,

                          **Defendant.**
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge**:

        The parties filed a letter raising a discovery dispute. ECF Nos. 66, 67. In that letter, Defendant claims that Plaintiff did not adequately prepare its two corporate representatives, Joe Capra and Brad Guest, to testify as Rule 30(b)(6) witnesses. Defendant asks the Court either to preclude Plaintiff from offering any new evidence related to the relevant Rule 30(b)(6) notice topics or to compel Plaintiff to produce a properly prepared witness and to pay any attorneys' fees and costs related to the additional deposition. Plaintiff argues that Capra and Guest were properly prepared, objects to the relief sought by Defendant, and offers to produce another witness to resolve this dispute.

        Having reviewed the parties' joint letter, the Rule 30(b)(6) notice, the transcripts, and the additional exhibits, the Court finds that Capra and Guest were not properly prepared to testify. For example, Topic 8 required Capra to testify about "Any damages you allege were caused by Signature's alleged breach of the Agreement, including but not limited to the matters set forth in the Damages Letter," but Capra testified that he did not know how the damages were calculated. Capra Tr., 146:7-149:10. Topic 2 required Brad Guest to testify about the "drafting, negotiation, execution, and/or performance of the Agreement, including but not limited to Section 6.01,

Schedule 6.01(c)(xix), Exhibit 6.01(c)(xix), and any defined terms used therein." Guest, however, was unable to answer whether a representative of Plaintiff ever communicated its understanding of Section 6.01(c)(xix)(B) to Defendant during negotiations. Guest Tr., 33:4-12.

Although Capra and Guest were not fully prepared to testify, their unpreparedness was far from egregious. Capra consulted with several people and reviewed relevant documents while preparing to testify. Capra Tr., 17:20-18:12. Guest was able to answer many questions, including questions about Plaintiff's interpretation of the word "none" in Schedule 6.01(c)(xix) of the SPA. Guest Tr., 36:5-37:23. Additionally, Defendant's questions to Guest about Plaintiff's litigation strategy fell beyond the scope of the Rule 30(b)(6) notice topics; none of the notice topics required Guest to testify about positions taken by Plaintiff in court filings.

The deficiencies in Capra's and Guest's testimony do not warrant preclusion or sanctions. Instead, Plaintiff shall produce a properly prepared witness for an additional deposition. Accordingly, discovery is REOPENED until March 15, 2024, for the limited purpose of conducting the additional deposition. If Plaintiff produces an unprepared witness, Defendant may renew its application for Plaintiff to cover all attorneys' fees and costs incurred in connection with the additional deposition.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:    February 26, 2024
          New York, New York